L. Julius M. Turman, Esq. (SBN. No. 226126)
Philip Smith, Esq. (SBN No. 232462)
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269
Email:        jturman@reedsmith.com
              psmith@reedsmith.com

Attorneys for Defendant
THE SYGMA NETWORK, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ERIC HILL,<br><br>           Plaintiff,<br><br>     vs.<br><br>THE SYGMA NETWORK, INC. and DOES 1 through 100, INCLUSIVE,<br><br>           Defendants. | Case No. 2:13-cv-02638-MCE-EFB<br><br>**STIPULATION OF CONFIDENTIALITY AND ORDER GRANTING PROTECTIVE ORDER** |

Plaintiff ERIC HILL ("Plaintiff" or "Hill") and Defendant THE SYGMA NETWORK, INC. ("Defendant" or "Sygma") by and through their counsel, hereby stipulate as follows:

WHEREAS, in connection with discovery in this case, the parties have sought and/or anticipate seeking certain documents and/or information that the others contend is private, highly confidential, and/or proprietary;

WHEREAS, the parties desire to protect the confidentiality of such documents and information consistent with applicable law, to ensure that they can obtain and pursue discovery with a minimum of delay and expense;

WHEREAS, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public

disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this stipulation and order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. **DEFINITIONS**  As used in this Protective Order:

The term "Person" includes a natural person, association, organization, partnership, limited liability company, business, trust, corporation, or public entity and any agent of the foregoing.

The term "Material" means the original and any copy (regardless of origin or location) of any written, reported, recorded or graphic matter, however stored, produced or reproduced, including, but not limited to, computer-stored and computer retrievable information; testimony at depositions upon oral examinations or upon written questions; answers to interrogatories; information obtained from the inspection of premises; tangible objects or documents; answers to requests for admission; and anything that is a "writing" under the Federal Rules of Evidence.

The term "Provide" means the production, delivery, or transfer of any Material, voluntarily or involuntarily, regardless of whether it is performed pursuant to a request or subpoena.

The term "Confidential Information" means any information, whether documentary or oral, so designated by any producing Person or party which it reasonably, under standards developed under federal statutory and common law, believes is of the type entitled to protection by law, subject to any party's right to challenge such designation through court intervention, as specified herein.

The term "Action" means the case entitled ERIC HILL v. THE SYGMA NETWORK, INC., United States District Court, Eastern District of California, Sacramento Division, Case No. 2:13-cv-02638-MCE-EFB.

The term "Plaintiff" means Plaintiff ERIC HILL, and any person or entity purporting to act on his behalf.

The term "Defendant" means Defendant THE SYGMA NETWORK, INC. and Defendant's current and former employees, agents, managers, officers, directors, subsidiaries, parent companies, and divisions, and any person or entity purporting to act on their behalf.

2. **DESIGNATION/DISCLOSURE OF CONFIDENTIAL MATERIAL**

A. **Manner and Timing of Designation**. The parties may designate as confidential at the time of production any Materials or information that contains Confidential Information by placing or affixing on each page of such Material the legend "CONFIDENTIAL" or a similar legend. Portions of deposition testimony and transcripts may be designated "CONFIDENTIAL" pursuant to the provisions of Paragraph 3, below.

B. **Permitted Disclosures**. Material designated as "CONFIDENTIAL" shall not be used for any purpose other than the prosecution or defense of the Action by the party or parties receiving such Material in discovery.

B.1 Material designated as "CONFIDENTIAL" shall only be provided, exhibited, or disclosed to the following persons:

B.1.a. Parties to the Action (Plaintiff and Defendant Sygma)

B.1.b. Outside counsel of record engaged in the prosecution or defense of this litigation for the parties, including the paralegals, legal assistants, stenographic, or clerical employees who assist such counsel;

B.1.c. In-house counsel of any party engaged in the prosecution or defense of this litigation for the parties including the paralegals, legal assistants, stenographic, or clerical employees and vendors who assist such counsel;

B.1.d. Outside experts (including without limitation, any translators), consultants, or investigators retained by the parties or their counsel of record in connection with this litigation under the conditions described in Paragraph 6 below;

    B.1.e. A current or former employee of a producing Person or party interviewed (to the extent consistent with applicable law) under the conditions described in Paragraph 6 below;

    B.1.f. Court reporters, videographers, mediators or other professional vendors engaged for this litigation, and their staff;

    B.1.g. The United States District Court, Eastern District of California, Sacramento Division, and its personnel, or other persons acting on its behalf, including without limitation members of any jury that may serve in proceedings in the Action; and

   C. **Restrictions on Use**.  Persons described in paragraph 2.B.1.a.- g. to whom Material designated as "CONFIDENTIAL" are to be Provided, exhibited, or disclosed pursuant to this Paragraph 2 must have (a) read this order; (b) agreed to be bound by the terms thereof, (c) agreed to maintain said information in confidence, (d) agreed not to disclose the same except as permitted by this Paragraph 2, and (e) agreed to use said information solely for purposes of the prosecution and defense of this litigation and not for any business, competitive or other purposes whatsoever.  Notwithstanding the foregoing, United States District Court, Eastern District of California, Sacramento Division, and its personnel, or other persons acting on its behalf, are not subject to the provisions in this Paragraph.

  3. **DEPOSITIONS**

   A. The parties may designate any information disclosed during depositions as "CONFIDENTIAL" either on the record at the deposition or within 15 calendar days after completion of the deposition transcript.

   B. Designation of the portion of the transcript (including exhibits) as "CONFIDENTIAL" shall be made as follows:  Upon review of the transcript by the party whose information the contents of the deposition relate, that party shall designate within 15 calendar days after his or her receipt of the transcript, by written communication to the other parties, the specific pages and lines to be designated as "CONFIDENTIAL."  If no designation is made within 15 calendar days after receipt of the transcript, the transcript shall be considered not to contain any confidential material.

    C. A person not otherwise authorized to be shown information or documents designated "CONFIDENTIAL" under this Protective Order may be examined as a witness at deposition and may be shown and may testify concerning any such information or documents as follows:

    C.1. A present employee of a producing Person or party may be examined, may be shown, and may testify concerning any "CONFIDENTIAL" information of that producing Person or party.

    C.2. A former employee or consultant of a producing Person or party may be examined, may be shown, may be interviewed, and may testify concerning any "CONFIDENTIAL" information of a producing Person or party that pertains in any way to the subject matter of his/her consultation or employment or to the subject matter of his/her communications with the producing Person or party.

    C.3. A non-party who has had any contact or relationship with a party may be examined, may be shown, may be interviewed, and may testify:

    C.3.a. Concerning any Material containing "CONFIDENTIAL" information that appears on its face to have been communicated between the non-party and any party; and

    C.3.b. Concerning any "CONFIDENTIAL" information of a party that documentary or testimonial evidence indicates was communicated between the non-party and the party.

  4. **CHALLENGING DESIGNATION OF CONFIDENTIAL MATERIAL**

    A. A party may only designate materials as CONFIDENTIAL when it in "good faith" believes it is entitled to protection from disclosure under the law.  In the event that any party at any time believes designated material should not be so designated, such party shall so notify the designating party in writing, and the parties then shall meet and confer in good faith concerning such disputed confidential information within ten (10) calendar days of receipt of the notice.  If agreement is not reached, the designating party shall then have fifteen (15) calendar days file a motion requesting that the Court enter a protective order formally designating such materials as confidential.  In such a proceeding, the designating party bears the

burden of proof under applicable legal standards with respect to any challenged designation. The designated material shall be subject to and protected by this Stipulation and Order under the designation assigned by the designating party, at least until the Court has ruled on any such application. No party shall be obliged to challenge the propriety of a confidential designation, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

5. **INADVERTENT DISCLOSURE**

A. If a producing Person or party inadvertently fails to stamp or otherwise appropriately designate certain documents or information as "CONFIDENTIAL" upon production or disclosure, the producing Person or any other party may thereafter designate by promptly giving written notice to all parties that the Material is to be so designated. All parties shall then stamp or otherwise mark the designated Material with a "CONFIDENTIAL" or a similar legend.

B. To the extent provided by law, the inadvertent production of any privileged or otherwise protected Materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work-product Materials, or the subject matter thereof. Upon receiving notice from a producing Person or party that Materials have been inadvertently produced, all such Materials (including all copies) shall be returned to the producing Person or party within five (5) business days of receipt of that notice, unless timely application is made to the Court within that period to challenge the claim of privilege.

6. **DISCLOSURE OF CONFIDENTIAL INFORMATION TO EXPERTS, CONSULTANTS, EMPLOYEES AND INVESTIGATORS**

A. Before a party discloses Materials designated as "CONFIDENTIAL" to any expert, consultant, current or former employee, or investigator, the expert, consultant or investigator must certify that he or she has read this Protective Order and must sign a copy of the "Agreement to be Bound by Protective Order," attached hereto as <u>Exhibit A</u>. Once the expert, consultant, former employee or investigator has executed the "Agreement to be Bound

by Protective Order," it shall not be necessary for that person to sign a separate statement each time he or she is subsequently given access to information or Materials designated as "CONFIDENTIAL." An expert, consultant, former employee or investigator that is shown Material designated as "CONFIDENTIAL" may retain copies of that Material or information subject to the provisions of Paragraph 7 below.

B. The original, executed "Agreement to be Bound by Protective Order" signed by Persons receiving Materials designated as "CONFIDENTIAL," pursuant to this Paragraph 7 shall be maintained by the attorney of record who obtained the Agreement.

7. **COMPLETION OF LITIGATION**

Upon completion of all proceedings in this Action, including the expiration of all rights to judicial review, all Materials produced in discovery that are designated as "CONFIDENTIAL" shall be returned to the producing party or destroyed. If the receiving party elects to destroy instead of returning such Materials, the receiving party shall confirm in writing to the producing party within sixty (60) days after final termination of the Action that the Materials have been destroyed. Each party shall also ensure that all experts retained by the party to whom Materials designated as "CONFIDENTIAL" were disclosed shall return all such Materials to the party retaining such expert or, alternatively, shall confirm in writing that all such Materials have been destroyed. Returning parties are not required to return or destroy any pleadings, discovery requests, documents filed with the Court, hearing transcripts, or attorney work-product. The provisions of this Protective Order restricting the dissemination, exhibition or other use of Materials designated as "CONFIDENTIAL" shall continue to be binding on any person subject to the terms of the Protective Order after conclusion of this Action.

8. **RIGHT TO SEEK RELIEF FROM THE COURT**

Nothing in this Protective Order shall be deemed to limit, prejudice or waive any rights of any party or person: (a) to resist or compel discovery with respect to, or to seek additional or different protection for, Material claimed to be protected by attorney work-product or other applicable privilege, Material as to which the party or person claims a legal obligation not to disclose, or Material not required to be produced pursuant to governing laws and rules; (b) to

seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial of any evidence, whether or not comprised of Confidential Information governed by this Protective Order; (d) otherwise to require that discovery be conducted according to governing laws and rules; or (e) to oppose production of any information on any ground allowed under the Federal Rules of Civil Procedure, or any other law, rule or regulation.  By signing this Protective Order, a producing party is not deemed to waive any objection to the production of any document.  In addition, the election by any party to disclose any portion of its "CONFIDENTIAL" information to others shall not be deemed a waiver of any of the rights established by this Protective Order.  The placing of any "CONFIDENTIAL" designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

9. **FILING CONFIDENTIAL INFORMATION WITH THE COURT**

Whenever a party files any document with the Court that contains (a) Materials that have been designated as "CONFIDENTIAL" or (b) Confidential Information of any party, the filing party shall comply with Civil Local Rule 141.

10. **USE OF "CONFIDENTIAL" MATERIAL IN COURT**

Should any party desire to use "CONFIDENTIAL" Material, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use and upon conferring with the opposing party, make a request to the Court that the materials designated as "CONFIDENTIAL" be filed under seal with this Court.  The parties shall exercise due care not to disclose "CONFIDENTIAL" information needlessly in the public record of any proceedings.'

11. **MAINTENANCE OF "CONFIDENTIAL" MATERIAL**

Persons described in paragraph 2.B.1.a.- g. with custody of Materials designated as "CONFIDENTIAL" shall maintain them in a manner that ensures that access to it is strictly limited to Persons entitled to receive Confidential Information in accordance with this Protective Order.

12. **SUBPOENAS**

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of Materials designated in this action as "CONFIDENTIAL," the receiving party must so notify the designating party, in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

13. **JURISDICTION**

Upon conclusion of this litigation, this Court shall retain such jurisdiction with respect to this Protective Order for purposes of enforcing its terms and conditions and to enable any party herein affected to apply for such other and further orders concerning the subject of this Protective Order as may be necessary or appropriate. The designating party shall have the opportunity to oppose any request for public inspection of Materials designated as "CONFIDENTIAL."

14. **RIGHTS INTACT**

Except as described herein, this Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information.

DATED: May 2, 2014                                      REED SMITH LLP


By: /s/ *L. Julius M. Turman*
L. Julius M. Turman
Philip J. Smith
Attorneys for Defendant,
THE SYGMA NETWORK, INC.


DATED: May 2, 2014                                      LAW OFFICE OF JEFFREY D. FULTON


By: /s/ *Jeffrey D. Fulton*
Jeffrey D. Fulton
Natalya Grunwald
Attorneys for Plaintiff,
ERIC HILL

**ORDER**

The Court having reviewed the foregoing Stipulation, and good cause appearing therefore, the Parties' Stipulation of Confidentiality and Protective Order, ECF No. 11, is HEREBY GRANTED.

IT IS SO ORDERED.

Dated:  May 21, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I am about to receive Confidential Information provided in connection with the litigation entitled ERIC HILL v. THE SYGMA NETWORK, INC., United States District Court, Eastern District of California, Sacramento Division, Case No. 2:13-cv-02638-MCE-EFB.  I certify my understanding that such Confidential Information is to be provided to me pursuant to the terms and restrictions of the Protective Order in the action and that I have been given a copy of and have read said Protective Order and agree to be bound by the terms thereof.  I understand that such Confidential Information and any copies I make of any Material containing Confidential Information or any notes or other records that may be made regarding any such Confidential Information shall not be disclosed to any persons other than those persons to whom such information may be disclosed pursuant to this Protective Order.

LAW OFFICE OF JEFFREY D. FULTON

Jeffrey D. Fulton
[Print name]

/s/ *Jeffrey D. Fulton*
Signature

May 2, 2014
Date

Based on the parties' stipulation, and good cause appearing, IT IS SO ORDERED.

Dated:_____ .

REED SMITH LLP
A limited liability partnership formed in the State of Delaware